U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

RANDI J. AUSTELL, individually and on behalf of all others similarly situated,

                                    Plaintiff,

            vs.

RECEIVABLES PERFORMANCE MANAGEMENT, LLC, a Washington limited liability company,

                                    Defendant.

NO.

**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

**Jury Trial Demand**

Plaintiff, Randi J. Austell, by her undersigned counsel, for this class action Complaint against Defendant, Receivables Performance Management, LLC, and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other related entities (hereinafter referred to as "Defendant" or "RPM"), alleges as follows:

## I.     NATURE OF THE CASE

1.1     Plaintiff, individually and as class representative for all others similarly situated, brings this action against Defendant for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.terrellmarshall.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

## II.     PARTIES

2.1.     Plaintiff, Randi J. Austell, is a natural person and a citizen of California, residing in Riverside County, California.

2.2.     Defendant, Receivables Performance Management, LLC, is a Washington limited liability company with its principal place of business in Lynnwood, Washington. Thus, Defendant is a citizen of Washington. Defendant is registered to do, and is doing, business in Washington, and throughout the United States.

## III.     JURISDICTION & VENUE

3.1.     <u>Subject Matter Jurisdiction.</u> This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff's claims arise under the laws of the United States, specifically 47 U.S.C. § 227. This Court will also have original jurisdiction over the Plaintiff's claims pursuant to the "Class Action Fairness Act," 28 U.S.C. §§ 1332 (d), 1435. While neither the Plaintiff's nor any individual Class member's claims will likely exceed $75,000, the aggregate amount in controversy for the Class as a whole exceeds $5 million, exclusive of interests and costs, and the Plaintiff is a citizen of a different state from Defendant.

3.2.     <u>Personal Jurisdiction</u>. This Court has personal jurisdiction over Defendant because it is incorporated in Washington and has registered with the Secretary of State to do business in Washington, its principal place of business is in Washington, and the wrongful acts alleged were committed, at least in part, in Washington.

3.3.     <u>Venue</u>. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because Defendant resides in this District and a substantial part of the events or omissions given rise to Plaintiff's claims occurred in this District.

## IV.     THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

4.1.     In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

4.2.     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF - 2

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.terrellmarshall.com

automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

4.3.    According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, artificial or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

4.4.    The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

4.5.    In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]

*In re Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 278 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

4.6.    On January 4, 2008, the FCC issued a Declaratory Ruling confirming that autodialed calls and calls using an artificial voice or prerecorded message to a wireless number

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.terrellmarshall.com

1   by, or on behalf of, a creditor are permitted only if the calls are made with the "prior express

2   consent" of the called party. *See In the Matter of Rules & Regulations Implementing the Tel.*

3   *Consumer Prot. Act of 1991* ("FCC Declaratory Ruling"), 23 F.C.C. Rcd. 559 (2008).

4         4.7.    The FCC "emphasize[d] that prior express consent is deemed to be granted only if

5   the wireless number was provided by the consumer to the creditor, and that such number was

6   provided during the transaction that resulted in the debt owed." FCC Declaratory Ruling,

7   23 F.C.C. Rcd. 559, 564-65 ¶ 10 (2008).

8         4.8.    Under the TCPA, and pursuant to the FCC Declaratory Ruling, the burden is on

9   the Defendant to demonstrate that the Plaintiff gave her express consent to the Defendant to use

10   an autodialer to call her cellular telephone within the meaning of the statute. *See* FCC

11   Declaratory Ruling, 23 F.C.C. Rcd. 559, 565 ¶ 10.

12   

**V.    FACTUAL ALLEGATIONS**

13   **A.    Factual Allegations Regarding Defendant**

14         5.1.    Defendant is a debt collection agency that describes itself as a "national leader in

15   accounts receivable management." *See* http://www.receivablesperformance.com/services (last

16   visited May 3, 2017).

17         5.2.    Defendant's headquarters and principal place of business is located in Lynnwood,

18   Washington at 20816 44th Avenue West, Lynnwood Washington.

19         5.3.    Defendant regularly attempts to collect debts nationwide.

20         5.4.    Defendant has used, and continues to use, an automatic telephone dialing system

21   ("ATDS") to make calls to cellular telephones to collect on debts without the prior express

22   written consent of the cellular telephone owner. Plaintiff received such calls without providing

23   prior consent.

24         5.5.    Defendant continues to call consumers using an ATDS even after the cellular

25   telephone owner has informed Defendant that they are not the intended recipient of the call.

26

27

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF - 4

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.terrellmarshall.com

1    5.6.    Defendant also fails to cease illegal calls even after they have been expressly

2    asked not to call by the telephone owner.

3    **B.    Factual Allegations Regarding the Plaintiff**

4    5.7.    Plaintiff is the subscriber of two cellular telephone numbers, one ending in 8856,

5    and the other ending in 7998.

6    5.8.    On February 17, 2016 at approximately 2:47 p.m., Defendant and/or its agents

7    called Plaintiff's cellular telephone ending in 8856 from telephone number (424) 235-5862.

8    5.9.    Numerous consumer complaints online connect telephone number (424) 235-5862

9    to Defendant. *See, e.g.,* https://www.everycaller.com/phone-number/1-424-235-5862/ (last

10   visited May 3, 2017); http://800notes.com/Phone.aspx/1-424-235-5862/2 (last visited May 3,

11   2017); http://www.unknownphone.com/search.php?num=4242355862 (last visited May 3,

12   2017); and http://www.reportthecall.com/phone_number_4242355862.html (last visited May 3,

13   2017).

14   5.10.    Plaintiff did not answer the call, but at approximately 4:58 p.m. that same day,

15   Plaintiff called back in an effort to determine the identity of the caller.

16   5.11.    Plaintiff spoke with Defendant or its agent, who said he was calling regarding an

17   alleged outstanding debt belonging to someone else. Plaintiff informed Defendant that she was

18   not the intended recipient debtor and requested that Defendant stop calling her.

19   5.12.    Less than an hour later, at approximately 5:55 p.m., Defendant once again called

20   Plaintiff's cellular telephone ending in 8856 from telephone number (424) 235-5862.

21   5.13.    This time, Plaintiff answered the call.

22   5.14.    When Plaintiff answered the call, she heard a lengthy pause and a click followed

23   by silence before a voice came on the line, which indicated to her that the calls were made using

24   an ATDS.

25   5.15.    During the call, Plaintiff again advised Defendant that she was not the intended

26   recipient of the call and reiterated her request that Defendant stop calling her.

27

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF - 5

5.16.    Despite being advised that Plaintiff was not the alleged debtor, Defendant and/or its agents began calling Plaintiff on Plaintiff's cellular telephone number ending in 7998 from telephone number (240) 210-7114.

5.17.    Telephone number (240) 210-7114 is registered to "RECEIVABLESPERF."

5.18.    Additionally, numerous consumer complaints online connect telephone number (240) 210-7114 to Defendant. *See, e.g.,* http://www.debtorboards.com/index.php?topic=19973.0 (last visited May 3, 2017); http://www.callhunter.com/tags/receivablesperf (last visited May 3, 2017); and http://800notes.com/Phone.aspx/1-240-210-7114/23 (last visited May 3, 2017).

5.19.    On or around March 17, 2016, Plaintiff answered one of Defendant's calls, at which time she heard a lengthy pause and a click followed by silence before a voice came on the line, which indicated to her that the calls were made using an ATDS.

5.20.    During this March 17, 2016 call, Plaintiff once again advised Defendant that she was not the alleged debtor, and instructed Defendant to stop calling.

5.21.    Despite Plaintiff's demand that Defendant stop calling, she received numerous calls to her cellular telephone ending in 7998, including the following: March 18, 2016 at 4:01 p.m.; March 21, 2016 at 1:56 p.m., 2:34 p.m. and 4:55 p.m.; March 22, 2016 at 1:36 p.m. and 4:44 p.m.; March 24, 2016 at 5:27 p.m.; March 25, 2016 at 1:44 p.m., and 2:20 p.m.; March 28, 2016 at 3:57 p.m.; March 29, 2016 at 9:12 a.m.; April 2, 2016 at 9:02 a.m.; and April 4, 2016 at 10:05 a.m.

5.22.    Plaintiff never gave Defendant prior express written consent, or consent of any kind, to receive ATDS-generated and/or artificial or prerecorded calls on her cellular telephones from, or on behalf of, Defendant.

5.23.    Defendant's calls to Plaintiff are annoying harassing, constitute a nuisance, and are an invasion of privacy.

5.24.    Defendant is responsible for making the above-described ATDS-generated and/or artificial or prerecorded calls.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.terrellmarshall.com

5.25.    Defendant has made a significant number of ATDS generated and/or artificial or prerecorded calls to persons on their cellular telephones in California, and throughout the United States.

5.26.    Defendant intends to continue to make ATDS generated and/or artificial or prerecorded calls to persons on their cellular telephones in California, and throughout the United States.

5.27.    Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated, they were subjected to annoying and harassing calls that constitute a nuisance, and they were charged for incoming calls. The calls also occupied Plaintiff's and all members of the Class' cellular telephone lines from legitimate communication. Furthermore, every call used some of the recipient's time and mental energy, both of which are precious.

**C.    Factual Allegations Regarding Consumer Complaints**

5.28.    Unfortunately, Plaintiff's experience with Defendant is not unique. Many others have lodged similar complaints after receiving unwelcome, ATDS generated and/or artificial or prerecorded from, or on behalf of, Defendant.

5.29.    For example, numerous consumers have lodged complaints on Defendant's Google Reviews regarding unwelcome and harassing calls from Defendant, including the following:

TERRELL MARSHALL LAW GROUP  PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.terrellmarshall.com

# Receivables Performance Management

20816 44th Ave W, Lynnwood, WA

✎ Write a review

1.1 ★★★★★ 79 reviews

Sort by: Most helpful ▾

. . .

**S**

### Stephanie Branson
9 months ago

★★★★★ What a scam. They've filled a collection on my credit report for DirecTV for $829; except I've never HAD DirecTV. Ever. I've never received a notice from them or a phone call. It just showed up. Trying to talk to them has been a nightmare. They won't give me any information because i dont have an account number to give them. BECAUSE I NEVER HAD DIRECTV!!! And I never got a notice/letter from them. So WTF am I supposed to do? DirecTV is dragging their feet because I don't have either an account number or a collection account number from these crooks. Consumers should be able sue these "collection" agencies for false reporting!

 1


### Tessa Elps
a year ago

★★★★★ This company is so bad at collection they shouldnt get paid they have been calling me for years after telling them every two months pls find Debra Kanight and get her phone number or check with the telephone co to verify this is mine has been for 7yrs, but they keep calling. WHAT MUST I DO?

👍 Helpful?


### Shirley Bolden
a year ago

★★★★★ These people are the best harrassers there are. They called me no less than 7 times in one week, hanging up, putting me on hold and just being rude in general. They weren't even calling for me, but for someone else. Even when I told them the person does not live here and that I had no information they still called. They just let a different person call. Our government should step in and close down all collection agencies!

👍 Helpful?

. . .

. . .

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF - 8

**T Gardner**
2 years ago

★☆☆☆☆  This company has continually called and harassed my 9 year old daughter!  When I confronted them about this, I was hung up on. I have contacted the Better Business Bureau.  Stay away from this company!

👍 Helpful?

**Lori Mitchell**
a year ago

★☆☆☆☆  First, they keep calling and leaving messages for Nicole M.  Not me.  The worst part is they are now using MY phone number to have people call them back on.  So I'm being harassed by them and by the people trying to reach them.

👍 Helpful?

https://www.google.com/#q=Receivables+Performance+Management&*&lrd=0x5490055069430c41:0x415cf4a96836b83b,1 (last visited May 3, 2017).

## VI.    CLASS ALLEGATIONS

6.1.    Plaintiff brings this action individually and on behalf of all others similarly situated, as members of the proposed class (hereinafter the "Class") defined as follows:

> All persons in the United States to whom Defendant and/or a third party acting on Defendant's behalf, (a) made one or more non-emergency telephone calls; (b) to their cellular telephone number; (c) through the use of an automatic telephone dialing system or an artificial or prerecorded voice; and (d) at any time in the period that begins four years before the date of filing this Complaint to trial.

Plaintiff represents, and is a member of, the Class. Excluded from the Class are Defendant, any entity in which Defendant has a controlling interest or that has a controlling interest in Defendant, Defendant's employees and agents, and Defendants' legal representatives, assignees, and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

6.2.    Numerosity. The Class is so numerous that joinder of all members is impracticable. On information and belief, Plaintiff alleges that the Class has more than 100

TERRELL MARSHALL LAW GROUP  PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.terrellmarshall.com

members. Moreover, the disposition of the claims of the Class in a single action will provide
substantial benefits to all parties and the Court.

6.3. <u>Commonality</u>. There are numerous questions of law and fact common to Plaintiff
and members of the Class. These common questions of law and fact include, but are not limited
to, the following:

a.      Whether Defendant and/or its affiliates, agents, and/or other persons or
entities acting on Defendant's behalf violated 47 U.S.C. § 227 (b)(1)(A) by making any call,
except for emergency purposes, to a cellular telephone number using an ATDS or artificial or
prerecorded voice;

b.      Whether Defendant and/or its affiliates, agents, and/or other persons or
entities acting on Defendant's behalf knowingly and/or willfully violated 47 U.S.C. § 227
(b)(1)(A) by making any call, except for emergency purposes, to a cellular telephone number
using an ATDS or artificial or prerecorded voice, thus entitling Plaintiff and the Class to treble
damages;

c.      Whether Defendant is liable for ATDS-generated and/or artificial or
prerecorded voice calls attempting to collect debt owed to Defendant made by Defendant's
affiliates, agents, and/or other persons or entities acting on Defendant's behalf; and

d.      Whether Defendant and/or its affiliates, agents, and/or other persons or
entities acting on Defendant's behalf should be enjoined from violating the TCPA in the future.

6.4. <u>Typicality</u>. Plaintiff's claims are typical of the claims of the Class. Plaintiff's
claims, like the claims of the Class arise out of the same common course of conduct by
Defendant and are based on the same legal and remedial theories.

6.5. <u>Adequacy</u>. Plaintiff will fairly and adequately protect the interests of the Class.
Plaintiff has retained competent and capable attorneys with significant experience in complex
and class action litigation, including consumer class actions and TCPA class actions. Plaintiff
and its counsel are committed to prosecuting this action vigorously on behalf of the Class and
have the financial resources to do so. Neither Plaintiff nor its counsel has interests that are

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.terrellmarshall.com

1  contrary to or that conflict with those of the proposed Class. Additionally, Plaintiff is a member
2  of the Class.

3      6.6.    Predominance. Defendant has engaged in a common course of conduct toward
4  Plaintiff and members of the Class. The common issues arising from this conduct that affect
5  Plaintiff and members of the Class predominate over any individual issues. Adjudication of these
6  common issues in a single action has important and desirable advantages of judicial economy.

7      6.7.    Superiority. A class action is the superior method for the fair and efficient
8  adjudication of this controversy. Classwide relief is essential to compel Defendant to comply
9  with the TCPA. The interest of individual members of the Class in individually controlling the
10  prosecution of separate claims against Defendant is small because the damages in an individual
11  action for violation of the TCPA are small. Management of these claims is likely to present
12  significantly fewer difficulties than are presented in many class claims because the calls at issue
13  are all automated. Class treatment is superior to multiple individual suits or piecemeal litigation
14  because it conserves judicial resources, promotes consistency and efficiency of adjudication,
15  provides a forum for small claimants, and deters illegal activities. There will be no significant
16  difficulty in the management of this case as a class action.

17      6.8.    Injunctive and Declaratory Relief is Appropriate. Defendant has acted on grounds
18  generally applicable to the Class, thereby making final injunctive relief and corresponding
19  declaratory relief with respect to the Class appropriate on a classwide basis.

20                    **VII.    FIRST CAUSE OF ACTION**

21  **(Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (b)(1)(A))**

22      7.1.    Plaintiff realleges and incorporates by reference each and every allegation set
23  forth in the preceding paragraphs.

24      7.2.    The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or
25  other persons or entities acting on Defendant's behalf constitute numerous and multiple
26  violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency

27

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.terrellmarshall.com

1    purposes, to the cellular telephone numbers of Plaintiff and Class members using an ATDS

2    and/or artificial or prerecorded voice.

3        7.3.    As a result of Defendant's and/or its affiliates, agents, and/or other persons or

4    entities acting on Defendant's behalf's violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff and

5    Class members presumptively are entitled to an award of $500.00 in statutory damages for each

6    and every call made to their cellular telephone numbers using and ATDS and/or artificial or

7    prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

8        7.4.    Plaintiff and Class members are also entitled to and seek injunctive relief

9    prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on

10   Defendant's behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except

11   for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or

12   prerecorded voice in the future.

13              ## VIII.    SECOND CAUSE OF ACTION

14       **(Knowing and/ or Willful Violations of the Telephone Consumer Protection Act,**
15                    **47 U.S.C. § 227(b)(1)(A))**

16       8.1.    Plaintiff realleges and incorporates by reference each and every allegation set

17   forth in the preceding paragraphs.

18       8.2.    The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or

19   other persons or entities acting on Defendant's behalf constitute numerous and multiple knowing

20   and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for

21   emergency purposes, to the cellular telephone numbers of Plaintiff and Class members using an

22   ATDS and/or artificial or prerecorded voice.

23       8.3.    As a result of Defendant's and/or its affiliates, agents, and/or other persons or

24   entities acting on Defendant's behalf's knowing and/or willful violations of the TCPA, 47 U.S.C.

25   § 227(b)(1)(A), Plaintiff and Class members are entitled to treble damages of up to $1,500.00,

26   for each and every call to their cellular telephone numbers using an ATDS and/or artificial or

27   prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF - 12

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.terrellmarshall.com

8.4.    Plaintiff and Class members are also entitled to and seek injunctive relief prohibiting Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

## IX.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on her own behalf and on behalf of the members of the Class, pray for judgment against Defendant as follows:

A.    Certification of the proposed Class;

B.    Appointment of Plaintiff as representative of the Class;

C.    Appointment of the undersigned counsel as counsel for the Class;

D.    A declaration that Defendant and/or their affiliates, agents, and/or other related entities' actions complain of herein violate the TCPA;

E.    An order enjoining Defendant and/or their affiliates, agents, and/or other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

F.    An award to Plaintiff and the Class of damages, as allowed by law;

G.    An award to Plaintiff and the Class of attorneys' fees and costs, as allowed by law and/or equity;

H.    Leave to amend this Complaint to conform to evidence presented at trial;

I.    Orders granting such other and further relief as the Court deems necessary, just, and proper.

## X.    DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.terrellmarshall.com

1    RESPECTFULLY SUBMITTED AND DATED this 5th day of May, 2017.

2                                TERRELL MARSHALL LAW GROUP PLLC

3
         By:   /s/ Beth E. Terrell, WSBA #26759
4              Beth E. Terrell, WSBA #26759
               Email:  bterrell@terrellmarshall.com
5
         By:   /s/ Adrienne D. McEntee, WSBA #34061
6              Adrienne D. McEntee, WSBA #34061
               Email:  amcentee@terrellmarshall.com
7

8              936 North 34th Street, Suite 300
               Seattle, Washington  98103-8869
9              Telephone:  (206) 816-6603
               Facsimile:  (206) 319-5450
10

11             *Attorneys for Plaintiff and the Proposed Classes*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF - 14